**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**DEON BALLARD, #144373**                                                                **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 3:10-cv-604-CWR-LRA**

**RANKIN COUNTY, et al.**                                                              **DEFENDANTS**

MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] The named Defendants are Rankin County, Mississippi; Larry Swales, Chancery Court Clerk for Rankin County; and Carol B. Swilley, Circuit Court Clerk for Rankin County. On December 9, 2010, the Court entered an Order [8] directing the Plaintiff to file a written response to provide specific information regarding his claims. Plaintiff filed his Response [11] on December 23, 2010. Upon review of the Plaintiff's Complaint [1], Response [11] and entire court record, the Court has reached the following conclusions.

**I. Background**

Plaintiff was convicted of armed robbery by the Rankin County Circuit Court on November 17, 2008. As a result, Plaintiff was sentenced to serve twelve-years in the custody of the Mississippi Department of Corrections. Plaintiff claims that pursuant to the Uniform Rules of Circuit and County Court Practice for Mississippi, he is entitled to one free copy of his entire state court record. Plaintiff complains that his efforts to obtain copies of his criminal case record from the Circuit Court have either been ignored or denied. Plaintiff maintains that he is

---

[1]Plaintiff was granted *in forma pauperis* status on December 9, 2010.

in need of these documents to pursue his post-conviction remedies, thus, the denial of these documents violates his constitutional right of access to the courts.

Plaintiff also states that he was "denied complete and total access to the courts as a pre-trial prisoner" because the Defendants' alleged actions prohibited him from "filing [and] forming a legal defense thr[ough]out his criminal appellate process." Compl. [1] at 7; Mem. in Supp. [10] at 1. As relief, Plaintiff states that he is requesting a "court order telling the [D]efendants to hand over to the Plaintiff all of the prescribed documents he is legally entitled to have without further delay or discrepancy." Compl. [1] at 4. Plaintiff also seeks declaratory relief and monetary damages. *Id.* at 9; Mot. [5] at 6.

## II. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous under § 1915, if it "lacks an arguable basis either in law or in fact." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)(quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). In a prisoner case under § 1915, the district court is "authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to this case.

Although prisoners have a constitutionally protected right of access to the courts, this right does not encompass an entitlement to the relief requested by the Plaintiff. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)(an inmate's right of access to the courts is not unlimited). As the Fifth Circuit has repeatedly stated, a prisoner "does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date." *Wright v. Curry*, 122 Fed. App'x 724, 725 (5th Cir. 2004)(citing *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971)); *see also Deem v. Devasto,* 140 Fed. App'x 574, 575 (5th Cir. 2005)(denial of state court records in connection with habeas proceeding does not violate inmate's constitutional rights). Furthermore, a pre-trial inmate does not have a constitutional right to obtain documents from his criminal case or access a law library in order to prepare a defense to criminal charges. *See Bounds v. Smith,* 430 U.S. 817, 828 (1977)(appointed counsel provides "adequate assistance from persons trained in the law"); *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996)(criminal defendant proceeding *pro se* does not have a constitutional right to access a law library); *see also Caraballo v. Fed. Bureau of Prisons,* 124 Fed. App'x 284, 285 (5th Cir. 2005)(inmate's inability to access a law library or otherwise assist his attorney during his direct appeal fails to state a claim for relief under § 1983). Therefore, Plaintiff has not suffered a constitutional violation by the Defendants' alleged failure to provide him with access to the courts to prepare a criminal defense or the Defendants' failure to provide him with a copy of his entire state court record to pursue his post-conviction remedies.

**III. Conclusion**

As discussed above, Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. Accordingly, Plaintiff's Complaint will be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) & (ii), as frivolous and for failure to state a claim, with prejudice. *See Moreno v. Curry*, 2007 WL 4467580, at *2 (5th Cir. Dec. 20, 2007)(affirmed frivolous and failure to state a claim dismissal of § 1983 suit alleging inmate was denied a free copy of his trial record); *see also Deem,* 140 Fed. App'x at 575 (dismissed appeal as frivolous of § 1983 suit alleging inmate was denied a free copy of his trial record).

The dismissal of this case as frivolous and for failure to state a claim, means that it will be counted as a "strike" under § 1915(g).[2] Since Plaintiff obtained his third "strike" during the pendency of this case, he cannot proceed *in forma pauperis* in any new civil actions or appeals unless he is under imminent danger of serious physical injury.[3]

A Final Judgment in accordance with this Memorandum Opinion will be entered.

THIS the 28th day of April, 2011.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2]"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[3]*See Ballard v. Pierce, et al.*, No. 10-60276 (5th Cir. Nov. 22, 2010); *Ballard v. Pierce, et al.*, No. 2.10cv1 (S.D. Miss. Mar. 4, 2010); *Ballard v. Richland Police Dep't., et al.,* No. 3:09cv234 (S.D. Miss. Nov. 23, 2009).