## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**DEON BALLARD, #144373**                                                                                    **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 3:10-cv-604-CWR-LRA**

**LARRY SWALES, et al.**                                                                                **DEFENDANTS**

### ORDER

BEFORE THE COURT is Plaintiff's Motion [18] for Reconsideration filed May 5, 2011. Plaintiff, a state prisoner proceeding *pro se*, moves the Court to reconsider the Memorandum Opinion [16] and Final Judgment [17] entered on April 28, 2011, dismissing this 42 U.S.C. § 1983 case as legally frivolous and for failure to state a claim. Having considered the issues raised in the Motion, the Court finds that the Motion is not well-taken and should be denied.

In order to obtain relief under Rule 59(e), the moving party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and the request for relief "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir.2003)(citation omitted). The United States Court of Appeals for the Fifth Circuit has stated that when deciding a Motion filed pursuant to Rule 59(e), a district court should consider the following non-inclusive factors: (1) the reasons for the plaintiff's default; (2) the importance of the evidence to the plaintiff's case; (3) whether the evidence was available to the plaintiffs before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. *Sturges v. Moore*, 73 Fed. App'x. 777, 778 (5th Cir. 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626

n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.* at 626.

As previously explained to Plaintiff Ballard, the allegations of his Complaint do not amount to a constitutional deprivation. In the instant motion, Plaintiff is merely expressing his disagreement with the ruling of the Court and reasserting some of the same arguments he presented in his Complaint.[1] After thorough consideration of the Motion [18] submitted, the entire Court record and relevant case law, the Court concludes that Plaintiff has failed to satisfy the requirements for obtaining relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See e.g., Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."). Therefore, it is hereby,

ORDERED that Plaintiff's Motion [18] for Reconsideration is **denied.**

SO ORDERED this the 17th day of May, 2011.

> s/Carlton W. Reeves
> UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff is attempting to add new claims regarding the conditions of his prior confinement (sleeping on a worn out mat with no pillow, blanket or sheet, overcrowding, lack of "suitable quarters") at the Rankin County Jail, these claims are not properly before the Court. *See Rosenzweig*, 332 F.3d at 863-64 (Motion under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued.").